948 F.2d 781
 292 U.S.App.D.C. 189
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
John FREDERICKS, Jr., Appellant,
v.
Charles A. BOWSHER.
 No. 91-5225.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 22, 1991.
 
 Before HARRY T. EDWARDS, RUTH B. ADER GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. Upon full review of the issues presented, the court is satisfied that appropriate disposition of the case does not warrant a published opinion. See D.C.Cir.Rule 14(c). It is accordingly
 
 
 2
 ORDERED AND ADJUDGED, for the reasons stated by the district court in its Memorandum Opinion filed April 23, 1991, and in the accompanying memorandum, that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Fredericks appeals the district court's disposition of his complaint for an order in the nature of mandamus compelling the Comptroller General of the United States to pay Fredericks the principal and interest due on a $225,000 judgment in his favor in Baker v. United States, No. 45-84-L (Cl.Ct. Jan. 5, 1988). We affirm the district court's order granting summary judgment for the Comptroller General.
 
 
 5
 The Claims Court payment statute provides that "every final judgment rendered by the United States Claims Court against the United States shall be paid" from a general appropriation upon proper presentation to the General Accounting Office. 28 U.S.C. § 2517. This obligation to pay judgments, however, is qualified by a further prescription: "The Comptroller General shall withhold paying that part of a judgment against the United States Government ... that is equal to a debt the plaintiff owes the Government." 31 U.S.C. § 3728(a). Promptly after entry of the 1988 judgment awarding Fredericks $225,000, the Department of Justice notified the GAO of that judgment, and of multiple debts Fredericks owed the Government, i.e., Farmers Home Administration (FmHA) loans to Fredericks, long delinquent, in the principal amount of $1,191,596.48. Based on the DOJ submission, the GAO withheld payment on the judgment.
 
 
 6
 Section 3728 defines the normal course to be followed once the Government withholds payment. If the judgment holder agrees to the setoff asserted by the Government, the Comptroller General discharges the debt and the part of the judgment equal to the debt; if the judgment holder denies the debt or disputes the setoff, the Comptroller General withholds payment (and an additional amount for legal costs) and commences a civil action to recover the debt owed the Government. 31 U.S.C. § 3728(b)(1), (b)(2). The Agricultural Credit Act of 1987 (ACA), however, establishes an administrative process through which Fredericks' debt to the FmHA may be reduced, and also prohibits the FmHA from filing an action to liquidate that debt prior to exhaustion of the administrative debt reduction proceedings and appeals process. See 7 U.S.C. §§ 1981d, 2001. Fredericks has availed himself of this administrative process, which is still underway. So long as reduction of Fredericks' large debt to FmHA remains at issue in the ongoing proceedings, the Comptroller General must hold civil action in abeyance.
 
 
 7
 Construing the diverse statutory instructions governing the Comptroller General harmoniously, we conclude that the particular ACA prescriptions must be followed, and that those prescriptions qualify, pro tanto, section 3728(b)(2)(B)'s general requirement that a civil action be filed. Once the administrative process has run its course, the GAO will be free to institute a civil action, and Fredericks may seek judicial review of the FmHA's decision regarding the reduction of his outstanding debt. Through the FmHA administrative process culminating in judicial review, Fredericks is receiving the process that is his due. In the interim, the Government cannot reasonably be called upon to pay out $225,000 plus interest while Fredericks' obligation to the Government stands in excess of $1,349,885.52 in unpaid loans and accrued interest. Congress has imposed on the Comptroller General no such extraordinary obligation.